UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE MORENO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KATHLEEN ALLISON,<br><br>　　　　Respondent. | No.  1:23-cv-00789-JLT-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 10)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Jesse Moreno is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 30, 2023, the assigned magistrate judge issued Findings and Recommendations to deny the petition with prejudice on its merits.  (Doc. 10.)  The Court served the Findings and Recommendations on all parties and notified them that any objections thereto were to be filed within 30 days after service and that the "failure to file objections within the specified time may waive the right to appeal the Order of the District Court."  (*Id.* at 24, citing *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).) The parties did not file objections, and the deadline to do so expired.

1

According to 28 U.S.C. § 636 (b)(1)(C), the Court conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

In addition, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds Petitioner did not make the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability. Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on August 30, 2023 (Doc. 10) are **ADOPTED** in full.
2. The petition for writ of habeas corpus is **DENIED** with prejudice.
3. The Clerk of Court is directed to enter judgment and close the case.
4. The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **October 16, 2023**

UNITED STATES DISTRICT JUDGE